### FISK v. BLACK.

#### (Supreme Court, Appellate Term. December 23, 1904.)

1. CONTRACTS—BREACH—ACTION—PLEADING—COVENANTS—FAILURE TO ALLEGE PLAINTIFF'S PERFORMANCE.

> Where a contract between plaintiff and defendant required defendant to pay plaintiff certain sums on specified contingencies, and plaintiff agreed to surrender to defendant a certain stock certificate, the complaint, in an action by plaintiff on the contract, was demurrable, where he failed to allege performance or tender on his part, or excuse.

Appeal from City Court of New York, Special Term.

Action by James M. Fisk against Henry M. Black. From a judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Jeroloman & Arrowsmith, for appellant.
Shaw, Fisk & Shaw, for respondent.

MacLEAN, J. Pleading upon an agreement witnessing, "That for and in consideration of the sum of $1.00 each to the other in hand paid and of other considerations hereinafter set forth, it is mutually agreed," and wherein the defendant undertook both to reimburse the plaintiff certain costs already accrued, together with his share of certain other contemplated disbursements, and also, in case of an adverse decision of an appeal pending in the United States Supreme Court, to pay the plaintiff the sum of $500,

¶ 1. See Contracts, vol. 11, Cent. Dig. §§ 1664–1676.

the plaintiff alleged both that he had paid out or was liable to pay on account of such disbursements the sum of $78.15 over and above all sums received from the defendant therefor, and also that the appeal mentioned had been decided adversely in the United States Supreme Court, and thereupon demanded judgment for $578.18. In the agreement, however, the plaintiff undertook on his part, as soon as practicable, to obtain and surrender to the defendant a certificate for 235 shares of a specified stock, but of this interdependent covenant the plaintiff neither alleged performance nor tender, nor excuse. For this failure of the plaintiff to set up fulfillment on his own part of their mutual agreement, the defendant demurred, and rightly, for the complaint is therein defective, and the interlocutory judgment should be reversed, with costs, and the demurrer sustained, because one may not recover upon an entire agreement without alleging and proving performance, or excusing nonperformance, of his own covenant.

Interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiff to amend complaint upon payment of such costs. All concur.